■ MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant, v J.F. O'HEALY CONSTRUCTION CORP. et al., Respondents. [646 NYS2d 379] —In an action to recover damages for the defective construction of a school building, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), entered July 12, 1995, which granted the defendants' separate motions for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The plaintiff awarded the defendant J.F. O'Healy Construction Corp. (hereinafter O'Healy) a contract for the general construction of an elementary school. In 1971 O'Healy certified that the school was completed in accordance with the contract specifications and requirements. Twenty years later, in 1991, defects caused by missing, improperly tightened and improper bolts were found in the structure of the school. Claiming it spent more than $800,000 to correct these defects, the plaintiff commenced this action alleging that by their certification and representations, the defendants had committed fraud by misrepresenting the finished condition of the school and by concealing the defects in the steel structure. The defendants claimed that the plaintiff's cause of action was one in contract and as such was barred by the Statute of Limitations.

Initially, we find that the plaintiff's evidence did not demonstrate that the defendant Long Island Materials Testing Laboratory, Inc., inspected the structural steel at the site or had the duty to do so, or that it represented to the plaintiff that the structure was properly erected. Accordingly, its motion for summary judgment was properly granted, and the discussion below pertains only to O'Healy.

Generally, any claim arising out of defective construction accrues on the date of completion no matter how the claim is characterized (*see, Cabrini Med. Ctr. v Desina,* 64 NY2d 1059; *State of New York v Lundin,* 60 NY2d 987), "since all liability has its genesis in the contractual relationship of the parties" (*City School Dist. v ·Stubbins & Assocs.,* 85 NY2d 535, 538). A cause of action alleging fraud cannot be maintained when the fraud charged relates to a breach of contract (*see, East Midtown Plaza Hous. Co. v City of New York,* 218 AD2d 628; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 700; *Roldan v Allstate Ins. Co.,* 149 AD2d 20, 39). Here, the wrongful acts alleged related to O'Healy's contractual obligations. Indeed, the remedy sought by the plaintiff is the cost incurred in repairing the allegedly improper bolting of the steel structure which deviated from contract specifications. Hence, the liability has its genesis in the parties' contractual relation, and the action is, in essence, one sounding in contract. Accordingly, the plaintiff's claim is barred by the Statute of Limitations (CPLR 213). In light of this determination, the issue of whether the elements of fraud were specifically pleaded is academic. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.