■ STAR NISSAN, INC., Respondent, v MARY FRISHWASSER et al., Appellants, and FREDERICK MARSHALL, Respondent. [677 NYS2d 145] —In an action, *inter alia*, for a judgment declaring that Frederick Marshall, the tenant of certain commercial premises, and the subtenant, Star Nissan, Inc., were not obligated, under the terms of the lease and sublease, respectively, to bear the costs of remediating underground contamination caused by the discharge of petroleum, the defendants Mary Frishwasser, Shirley Wexler, A. Hauchmann, Stanley Management Co., Daniel Frishwasser, Sondra Shulman, and Elise Goldman appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated October 28, 1996, as denied their cross motion for summary judgment on their counterclaim and cross claim to declare that the tenant, Frederick Marshall, and/or the subtenant, Star Nissan, Inc., were responsible for remediating underground contamination caused by the discharge of petroleum, and (2) from so much of an order of the same court, also dated October 28, 1996, which failed to determine their cross motion to amend their answer.

Ordered that the order dated October 28, 1996, which, *inter alia*, denied the appellants' cross motion for summary judgment, is reversed insofar as appealed from, on the law, the appellants' cross motion is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that the tenant Frederick Marshall and/or the subtenant Star Nissan, Inc., are responsible for remediating the subject contamination; and it is further,

Ordered that the appeal from the order dated October 28, 1996, which failed to determine the appellants' cross motion to amend their answer is dismissed as academic in light of our determination of the appeal from the first order dated October 28, 1996; and it is further,

Ordered that the appellants are awarded one bill of costs

payable by the respondents appearing separately and filing separate briefs.

This declaratory judgment action concerns the interpretation of various terms of a lease and sublease of commercial property in Queens. The appellants are the owners of the commercial property, which consists of two noncontiguous parcels on which a car dealership and service department are operated by the plaintiff. The appellants purchased the property in 1971 from Marmac Realty Corp. (hereinafter Marmac), and simultaneously leased the property to Roger Marshall, a principal of Marmac. The lease was renewed in 1977 for a 20-year term. In 1980 Roger Marshall subleased the premises to Astro Datsun, Inc. (hereinafter Astro). In 1981 he assigned his interest in the lease to his son Frederick Marshall, and in 1991, Astro, with the consent of Frederick Marshall and the appellants, assigned its sublease to the plaintiff. The specific relief sought by the parties is a declaration as to who amongst them will bear the burden of remediating underground petroleum contamination allegedly caused by leaking tanks and/or pipes.

Lease interpretation is subject to the same rules of construction which are applicable to other agreements (*see, New York Overnight Partners v Gordon,* 217 AD2d 20, *affd* 88 NY2d 716). Where the language of the lease is unambiguous, interpretation is a matter of law for the Court (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *New York Overnight Partners v Gordon, supra*).

Paragraph 40 of the lease reads in pertinent part, as follows: "This lease is a net lease, * * * [which] shall be construed to impose upon the Tenant, as though it were the sole owner of the premises, all costs * * * and obligations of every kind relating to or arising out of the premises or the use thereof, including the cost and expense of interior and exterior repairs, both ordinary and extraordinary, which may arise or become due during or out of the term of this lease". In paragraph six of the lease, the tenant also agreed to "comply with all present and future laws". Contrary to the Supreme Court's conclusion, the effect of this language was to shift all burdens associated with ownership of the premises, including the obligation to remediate underground contamination, as mandated by Navigation Law § 170 *et seq.* to the tenant. When the cited language is considered in the context of the entire lease, the lease's burden-shifting intent is plainly manifested (*see, W.W.W. Assocs. v Giancontieri, supra*). The fact that Roger Marshall, as principal of Marmac, had been in possession of the premises for several years prior to the appellants' purchase of the prop-

erty and the simultaneous execution of the original lease supports this conclusion. Furthermore, the sublease, by virtue of language requiring the subtenant to "bear all charges which the Prime Tenant [Frederick Marshall] is required to bear under the Master Lease", imposes equivalent obligations on the subtenant. Therefore, we grant the appellants' cross motion.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.