■ Luca Cappelli, Appellant, v Berkshire Life Insurance Co. et al., Respondents. [713 NYS2d 756] —In an action, *inter alia,* to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered February 23, 1999, as granted (a) the motion of the defendant R.B. Lewis Associates, Inc. for summary judgment dismissing the complaint insofar as asserted against it, and (b) those branches of the motion of the defendant Berkshire Life Insurance Co. which were for summary judgment dismissing the third, fourth, sixth, and seventh causes of action insofar as asserted against it, and (2) an order of the same court entered May 5, 1999, as, upon granting the motion of the defendant Berkshire Life Insurance Co., to reargue those branches of its prior motion which were for summary judgment dismissing the first and second causes of action in the complaint insofar as asserted against it, granted those branches of the motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted summary judgment to the defendants dismissing the complaint since the plaintiff's causes of action are time-barred.

Contrary to the plaintiff's contention, his cause of action alleging breach of contract is time barred by the six-year Statute of Limitations (see, *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402; *Cole v Equitable Life Assur. Socy.,* 271 AD2d 271).

The plaintiff's cause of action sounding in fraud was not commenced within six years from the date that the alleged fraud was committed, or two years from the date the fraud was discovered or, with the exercise of reasonable diligence, should have been discovered (see, *Lazzaro v Kelly,* 87 AD2d 975, 977;

*Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, 355-356). Accordingly, that cause of action is barred by the Statute of Limitations.

The plaintiff's negligence cause of action is similarly barred by the three-year Statute of Limitations which accrued on the date when the insurance policy was sold to the plaintiff, not when the plaintiff was required to pay additional premiums or when the policy was cancelled (*see, Cole v Equitable Life Assur. Socy., supra; Jackson v L.P. Transp.,* 72 NY2d 975, 976).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.