■ Deborah Dedeo, Appellant, v Petra Investment Corporation et al., Defendants, and Estate of Catherine Cosgrove, Deceased, Respondent. [745 NYS2d 297] —Crew III, J.P. Appeal from an order of the Supreme Court (Canfield, J.), entered August 22, 2001 in Rensselaer County, which, inter alia, granted a cross motion by defendant Estate of Catherine Cosgrove for summary judgment dismissing the complaint against it.

Plaintiff commenced this action pursuant to RPAPL article 15 seeking, inter alia, a determination that she was the sole owner of certain real property located in the Town of Nassau, Rensselaer County. Plaintiff originally acquired the property in 1983 and thereafter executed a note and mortgage in favor of defendant Petra Investment Corporation, an offshore trust apparently set up by defendant Nassau Life Insurance Company, as trustee, for the benefit of plaintiff's husband. This transaction purportedly was undertaken to secure a loan to be paid to plaintiff by Petra in the sum of $200,000. Although the note and mortgage were recorded in April 1986 and plaintiff executed a deed for the property in favor of Petra in December 1986, the promised loan never materialized.

Thereafter, in March 1987, Catherine Cosgrove, now deceased, entered into a private annuity contract with plaintiff's husband, on behalf of Petra, pursuant to the terms of which Cosgrove initially transferred $48,294 to plaintiff's husband, in exchange for which he was to invest such funds and pay Cosgrove $800 per month for the remainder of her life. The promised annuity payments also apparently did not materialize. Accordingly, following Cosgrove's death, defendant Estate of Catherine Cosgrove (hereinafter defendant) initiated two discovery proceedings in Surrogate's Court seeking to recover property belonging to the estate and, ultimately, a decree was entered against Petra in the amount of $50,294, plus interest. In conjunction therewith, an execution was served upon the Rensselaer County Sheriff directing him to levy or sell the subject parcel.

Shortly thereafter, plaintiff moved by order to show cause to vacate the real property execution and enjoin enforcement of the judgment entered against Petra in favor of defendant. Plaintiff failed to post the required bond, however, and the Sheriff's sale proceeded, with defendant purchasing the property for $1. Defendant subsequently intervened in this action and cross-moved for summary judgment. Supreme Court, inter alia, granted defendant's cross motion, finding that plaintiff had failed to raise a question of fact as to the legitimacy of her interest in the realty, and discharged the underlying note and mortgage. This appeal by plaintiff ensued.

We affirm, albeit for reasons other than those expressed by Supreme Court. In granting defendant's cross motion for summary judgment, Supreme Court found that Petra indeed was the alter ego of plaintiff and her husband and, further, that plaintiff had failed to raise a question of fact as to the legitimacy of her interest in the subject property. Although we have no quarrel with Supreme Court's dismissal of plaintiff's complaint against defendant on the merits, we agree with defendant that this action is barred by the doctrine of laches in the first instance. "It is well settled that where neglect in promptly asserting a claim for relief causes prejudice to one's adversary, such neglect operates as a bar to a remedy and is a basis for asserting the defense of laches * * *" (*Matter of Stockdale v Hughes*, 189 AD2d 1065, 1067 [citations omitted]; *see, Cohen v Krantz*, 227 AD2d 581, 582). Here, plaintiff waited more than 14 years after execution of the note, mortgage and deed at issue to challenge Petra's interest in the subject parcel and, significantly, her primary motivation for commencing such action appears to have been to prevent defendant from recovering on the judgment entered in its favor. Under the circumstances, defendant's cross motion for summary judgment was properly granted. We have examined the various arguments raised by plaintiff on appeal and find them to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.