■ ANIMAL PROTECTIVE FOUNDATION OF SCHENECTADY, INC., Respondent, v BAST HATFIELD, INC., Appellant. [762 NYS2d 136] —Kane, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 17, 2002 in Schenectady County, which denied defendant's motion to dismiss the complaint.

On May 5, 1993, the parties entered into a contract for defendant to construct plaintiff's new animal shelter facility. Plaintiff hired James Cullen, a certified architect, to oversee the project, draw up design plans, and conduct regular inspections of the work site. Plaintiff's executive director, Gordon Willard, served as the clerk of the works for the project. Willard attended construction meetings, served as a liaison between the parties, observed daily construction and assisted in the building design.

Defendant and Cullen disagreed as to whether the original contract required defendant to provide wall and floor finishes to the project. Defendant proposed that they agree on an acceptable finish to be used on the surface and then renegotiate to have the work completed by a subcontractor. After Willard and Cullen inspected the sample work in the small animal room, Cullen chose Wietecha Enterprises, Inc./Industrial Surfaces (hereinafter Wietecha) for application of a monolithic epoxy coating system. Defendant then entered into a subcontract with Wietecha to provide the necessary labor and materials to install "Monolithic Epoxy Floor and Wall Finishes."

In December 1993, while Wietecha was applying joint compound to the dog kennel wall material, Willard inquired of the Wietecha employee as to the difference between that compound and the material used in the sample area of the small animal room. A Wietecha employee responded that the materials were "about the same" and "the material used in the small animal room is ceramic tile grout."

As early as February 1994, Willard and Cullen noticed defects in the finish provided by Wietecha, including numerous areas of flaking and chipping. Willard and/or Cullen com-

municated their dissatisfaction with the finish by five letters from November 1994 to March 1995. In 1997, the wall and floor coating deteriorated significantly, although the sample room material did not fail.

In late 2000, plaintiff arranged for a chemical analysis of the epoxy materials in the sample room, in comparison to the remainder of the facility. The report confirmed that the materials used in the two different areas were not of the same chemical composition. Plaintiff commenced this action seeking damages for fraud on September 18, 2001. Defendant's motion to dismiss the complaint for failure to state a cause of action and as barred by the statute of limitations and by a release was denied by Supreme Court.

"A cause of action alleging fraud cannot be maintained when the fraud charged relates to a breach of contract" (*Middle Country Cent. School Dist. v O'Healy Constr. Corp.*, 230 AD2d 777, 778 [1996], *lv denied* 89 NY2d 809 [1997] [citations omitted]; *see East Midtown Plaza Hous. Co. v City of New York,* 218 AD2d 628 [1995]; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 700 [1990]; *Roldan v Allstate Ins. Co.,* 149 AD2d 20, 39 [1989]. Here, defendant breached its contract obligation to apply a wall covering consistent with the sample provided by Wietecha thereby not building "according to the specifications, a claim that must be enforced by an action on the contract" (*Scheinberg v Samuels,* 171 AD2d 857, 858 [1991]). Since this action was commenced more than six years after construction was completed and the statute of limitations for breach of a construction contract is six years (*see* CPLR 213 [2]), the action should have been dismissed as time-barred (*see Middle Country Cent. School Dist. v O'Healy Constr. Corp., supra* at 778; *Scheinberg v Samuels, supra* at 857).

Even if plaintiff had a sustainable cause of action for fraud, this action would likewise be barred by the statute of limitations. The statute of limitations for commencing an action based in fraud is "six years from the date that the alleged fraud was committed, or two years from the date the fraud was discovered or, with the exercise of reasonable diligence, should have been discovered" (*Cappelli v Berkshire Life Ins. Co.,* 276 AD2d 458, 458 [2000]; *see* CPLR 203 [g]; 213 [8]; *Fitzgerald v Fitzgerald,* 301 AD2d 851 [2003]; *Heritage v Mance,* 265 AD2d 657, 659 [1999]; *Jeffrey BB. v Cardinal McCloskey School & Home for Children,* 257 AD2d 21, 24 [1999]; *K&E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346, 347 [1991]).

Here, plaintiff's representative was aware that Wietecha's sample was applied using ceramic tile grout and that Wietecha

had substituted joint compound in the rest of the building and the materials were "about the same." No later than 1997, when the wall and floor coating deteriorated significantly, while the sample room materials did not, plaintiff knew, or should have known, that the substitution of material was a potential cause of the problem. Plaintiff failed to make any scientific investigation into the cause of the problem until approximately three years later and did not commence its action for another year thereafter. Under these circumstances, the two-year limitation ran from 1997 when plaintiff should have discovered the fraud "with the exercise of reasonable diligence" (*Cappelli v Berkshire Life Ins. Co., supra* at 458.

Having determined that plaintiff's action should have been dismissed upon the affirmative defense of the statute of limitations, we decline to address the remaining issues.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.