■ STATE OF NEW YORK, Plaintiff, v NICHOLAS BROCCO et al., Defendants, and JOHN YANDOLLI, Defendant and Third-Party Plaintiff-Respondent. NORTH BABYLON UNION FREE SCHOOL DISTRICT et al., Third-Party Defendants-Appellants. [766 NYS2d 397] —Spain, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered December 31, 2002 in Albany County, which denied third-party defendants' motion to dismiss the third-party complaint.

In 1999, plaintiff commenced this action pursuant to Navigation Law article 12 to recoup costs expended by the New York Environmental Protection and Spill Compensation Fund to clean up gasoline contamination caused by leaking underground gasoline storage tanks located on property owned by defendant John Yandolli. Thereafter, Yandolli commenced a third-party action against, among others, the North Babylon Union Free School District, alleging that the premises adjoining his property—on which third-party defendants (hereinafter collectively referred to as the District) operated a school bus garage—also contained underground storage tanks which caused or contributed to the gasoline contamination on Yandolli's property. The District moved to dismiss the third-party complaint and Supreme Court denied the motion on all grounds. The District appeals.

In the first cause of action in the third-party complaint,

Yandolli seeks contribution and/or indemnification against the District for liability resulting from the contamination on his property. The District incorrectly argues that Yandolli is impermissibly attempting to use the District's alleged culpable conduct as a defense to his own potential liability to plaintiff. The District is correct that the strict liability imposed on landowners pursuant to Navigation Law article 12 cannot be avoided simply by demonstrating that another party actually and culpably caused the discharge (*see* Navigation Law § 172 [8]; § 181; *State of New York v Green,* 96 NY2d 403, 407 [2001]). At issue here, however, is the viability of Yandolli's third-party claim against the District rather than the merit or lack thereof of any defense he makes in the main action. Because the third-party complaint alleges facts which state a cause of action for indemnification (*see State of New York v Green, supra* at 408; *White v Long,* 85 NY2d 564, 568 [1995]), we conclude that Supreme Court properly denied the District's motion to dismiss the first cause of action for failure to state a cause of action.

We are also unpersuaded by the District's contention that because Yandolli purchased the property in 1991 with knowledge of the potential for contamination but did not commence the third-party action until 2002, he is prohibited from pursuing his claim for indemnification and contribution from the District under the equitable doctrine of laches. Given that plaintiff did not commence the main action until 1999, Yandolli's claim for indemnification clearly was timely (*see Bay Ridge Air Rights v State of New York,* 44 NY2d 49, 53 [1978]). We find that the District has not demonstrated the lack of knowledge or notice and resultant prejudice which are necessary to sustain a laches defense (*see Matter of Kobre v Camp Mogen Avraham,* 293 AD2d 893, 895 [2002]; *cf. Dedeo v Petra Inv. Corp.,* 296 AD2d 737, 738 [2002]; *Cohen v Krantz,* 227 AD2d 581, 582 [1996]; *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.,* 189 AD2d 929, 931 [1993]; *Dwyer v Mazzola,* 171 AD2d 726, 727 [1991]). Accordingly, the first cause of action as stated in the third-party complaint remains viable.

We reach a different conclusion, however, with respect to the second and third causes of action. In the second cause of action, Yandolli seeks damages to recover for property damage and legal fees allegedly sustained as a result of the District's culpable conduct. The third cause of action alleges negligence on the part of the District and seeks similar damages. Claims against a school district sounding in tort require a notice of claim to be filed within 90 days after the accrual of the claim and must be commenced within a year and 90 days of accrual

(*see* Education Law § 3813 [1], [2]; General Municipal Law § 50-e [1] [a]; § 50-i [1] [c]; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.,* 287 AD2d 761, 762 [2001]). Inasmuch as Yandolli failed to file the requisite notices of claim with regard to these causes of action or to commence the third-party action within the limitations period applicable to these claims, they should have been dismissed.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendants' motion to dismiss the second and third causes of action in the third-party complaint; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.