STATE OF NEW YORK, Plaintiff, v ROBIN OPERATING CORPORATION et al., Appellants, and RAD ENERGY CORPORATION, Formerly Known as RAD OIL COMPANY, INC., et al., Respondents. (And Two Third-Party Actions.) [773 NYS2d 131]—

Mercure, J.P. Appeal from an order of the Supreme Court (Keegan, J.), entered July 31, 2002 in Albany County, which, inter alia, denied the motion of defendants Robin Operating Corporation and Martin Zelman for summary judgment on their cross claim for indemnification.

In February 1994, a petroleum discharge from a Suffolk County gas station's underground storage tanks was reported to plaintiff. The New York Environmental Protection and Spill Compensation Fund spent approximately $570,000 to clean up the spill. Thereafter, plaintiff commenced this action pursuant to Navigation Law § 181 against numerous parties, including the owners of the property—defendants Robin Operating Corporation and Martin Zelman (hereinafter collectively

referred to as ROC)—defendant Artco Properties Corporation, a lessee of the property, and defendant Temel Artukmac, an officer of Artco (hereinafter collectively referred to as Artco), as well as defendants RAD Leasing Corporation and Getty Petroleum Marketing, Inc., sublessees of the property. Defendants answered and asserted cross claims against each other, which are the subject of this appeal.

Specifically, ROC moved before Supreme Court for summary judgment on its first cross claim alleging entitlement to contractual indemnification from Artco, RAD and Getty based on the Artco lease and subsequent assignments and guarantees.[1] RAD and Getty cross-moved for dismissal of all claims against them. Artco moved for, among other things, summary judgment on its cross claims against RAD and Getty.

Supreme Court denied ROC's motion for summary judgment against Artco, concluding that questions of fact existed regarding whether the spill occurred during the term of Artco's lease. The court further determined that RAD and Getty did not assume liability for spills occurring prior to their respective assignments and, accordingly, dismissed all claims and cross claims against RAD and Getty. ROC appeals and we now affirm.

ROC argues that the lease holds Artco responsible for any environmental cleanup required at the premises regardless of when the contamination occurred. We disagree. First, we note that leases are subject to the same rules of construction as other types of contracts (*see Star Nissan v Frishwasser*, 253 AD2d 491, 492 [1998]). Thus, if the agreements are "complete, clear and unambiguous" on their face, they "must be enforced according to the plain meaning of [their] terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Under the lease at issue here, Artco agreed to pay all charges associated with the property, replace existing underground storage tanks and assume responsibility for associated cleanup required by any governmental agency "having jurisdiction as to the erection, maintenance and improvements on the [p]remises during the course of this tenancy." In the provision of the lease relating specifically to environmental compliance, Artco further promised to pay all costs associated with the cleanup of any "deposit, spill, discharge or other release of [h]azardous [s]ub-

---

**1.** ROC's cross claim against Artco and its cross claims involving additional defendants are also the subject of another appeal before this Court (3 AD3d 769 [2004] [decided herewith]). A third appeal involves the grant of plaintiff's motion for partial summary judgment against ROC (3 AD3d 767 [2004] [decided herewith]).

stances that occurs during the term, at or from the [p]remises, or which arises at any time from [Artco's] use or occupancy of the [p]remises." That is, the lease limits Artco's liability for cleanup to that associated with spills or conditions occurring during the term of the lease or arising from Artco's use and occupancy of the premises.

Similarly, the "Environmental Indemnity" provision of the lease states that Artco is to indemnify ROC for all costs arising out of any release of hazardous substances at the premises "that occurs during the term at or from the [p]remises, or which arises at any time, from [Artco's] use or occupancy of the [p]remises, or from [Artco's] failure to provide all information, make all submissions, and take all actions required by all Authorities." ROC has not indicated that it incurred costs or fines due to Artco's failure to provide information, make submissions or to take actions required specifically of Artco relating to releases that occurred during the lease term—the only releases for which Artco promised to assume liability. Indeed, questions of fact exist regarding whether the release actually occurred after the commencement of the lease term—the event necessary to trigger Artco's obligation to indemnify ROC for any liability imposed upon it as a result of this action (*cf. Star Nissan v Frishwasser, supra* at 492-493). Thus, Supreme Court correctly denied ROC's motion for summary judgment as against Artco.

In seeking indemnification from RAD, ROC relies on a provision of the assignment of the lease providing that RAD assumed full responsibility for the lease as of the effective date of the lease, as if it had signed it originally as tenant. Similarly, Getty agreed to perform all terms of the lease as of the assignment, which was executed in 1999. ROC asserts that RAD and Getty should be held liable to the same extent that Artco, as tenant, is liable under the original lease.[2] This argument ignores the express terms of the assignments. Because the assignments limit RAD's and Getty's liability to obligations arising after the effective dates and the spill here occurred on or before February 1994, RAD and Getty cannot be liable under the assignments, which became effective in 1995 and 1999 respectively. We further note in this regard that a guarantee executed by RAD expressly excludes liability that "accrued prior to the entry into the assignment herein." Accordingly, Supreme Court properly

---

2. The assignment to Getty—to which ROC consented—also provides that Getty assumed full responsibility for the lease as if it "signed the [l]ease originally as [l]andlord." ROC cannot rely on this provision to impute Artco's liability to Getty inasmuch as Artco was the tenant, not the landlord, in the original lease.

determined that RAD and Getty have no contractual obligation to remediate the spill and indemnify ROC for cleanup costs associated with the spill.

We have considered ROC's remaining contentions and conclude that they are either meritless or rendered academic by our decision.

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.