■ STATE OF NEW YORK, Respondent, v ROBIN OPERATING CORPORATION et al., Appellants, et al., Defendants. (And Two Third-Party Actions.) [773 NYS2d 135]—

Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered February 14, 2003 in Albany County, which granted plaintiff's motion for partial summary judgment against certain defendants.

Plaintiff commenced this Navigation Law article 12 action on behalf of the New York Environmental Protection and Spill Compensation Fund to recover moneys expended in the remediation of a petroleum spill that occurred in Suffolk County. Defendants Robin Operating Corporation and Martin Zelman (hereinafter collectively referred to as ROC) have owned the property, upon which a gas station was operated by lessees, since 1972. As relevant here, plaintiff moved for partial summary judgment against ROC and defendant Artco Properties Corporation, a lessee of the property, declaring them to be liable for past and future remediation costs incurred by plaintiff in relation to the spill and setting past remediation costs at $570,149.59. Supreme Court granted the motion in its entirety. ROC and Artco appeal, asserting that Supreme Court's grant of partial summary judgment was premature due to the need for additional discovery related to spills that occurred on other nearby sites, as well as a 1978 spill that occurred on the site at issue, that may have contributed to the contamination.* We disagree.

Navigation Law § 181 (1) provides in relevant part that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault." In *State of New York v Green* (96 NY2d 403, 405 [2001]), the Court of Appeals concluded that an owner of contaminated property is liable as a discharger for cleanup costs where the landowner could control the activities occurring on the property and had reason to believe that petroleum products would be stored there. Thus, in *Green,* the owner of a mobile home park was liable for a discharge from an aboveground kerosene tank at a tenant's home because the owner "was in a position to control the site and source of the discharge . . . [and as lessor,] could have reasonably expected [the tenant] to use fuel to heat her home" (*id.* at 407).

Similarly here, ROC owned the property at all relevant times, leased the property with full knowledge that it would be used as

---

* Artco declined to submit a brief on appeal, instead joining in ROC's brief. Therefore, we deem abandoned any separate arguments that Artco, as lessee, may have raised (*see Anesthesia Group of Albany v State of New York,* 309 AD2d 1130, 1130-1131 n [2003]). We note in addition that cross claims asserted by ROC against various lessees and sublessees are the subject of two other appeals before this Court (3 AD3d 757 [2004] [decided herewith]; 3 AD3d 769 [2004] [decided herewith]).

a gasoline service station and retained control over activities occurring on the property. We therefore agree with Supreme Court that ROC is strictly liable for all cleanup costs (*see id.* at 407; *Roosa v Campbell*, 291 AD2d 901, 902 [2002]). Moreover, "the strict liability imposed on landowners pursuant to Navigation Law article 12 cannot be avoided simply by demonstrating that another party actually and culpably caused the discharge" (*State of New York v Brocco*, 309 AD2d 1107, 1108 [2003]). Accordingly, ROC's assertion that other dischargers may have contributed to the contamination on the site is relevant only to ROC's third-party actions and cannot defeat plaintiff's motion in this action (*see State of New York v Green, supra* at 408; *State of New York v King Serv.*, 167 AD2d 777, 778-779 [1990]).

In addition, ROC's argument that it is entitled to challenge the amount spent by the Fund because plaintiff's alleged negligence in remediating the 1978 spill contributed to the current cleanup costs fails for two reasons. First, the Navigation Law grants plaintiff immunity from any acts or omissions with respect to its remediation of spills provided that it has not acted unlawfully, willfully or maliciously (*see* Navigation Law § 176 [2] [b]). Second, a defendant cannot contest the reasonableness of the costs incurred by plaintiff in remediating a spill which the defendant has refused to clean up on its own (*see State of New York v Speonk Fuel*, 307 AD2d 59, 63-64 [2003], *lv granted* 1 NY3d 503 [Dec. 2, 2003]). Inasmuch as defendants make no showing beyond mere conclusory assertions that plaintiff's alleged acts or omissions were unlawful, willful or malicious, the broad immunity afforded plaintiff by Navigation Law § 176 (2) (b) and the prohibition on challenges to the costs incurred by plaintiff in remediating a site precludes any defense based on governmental negligence under the circumstances presented here. Finally, we agree with plaintiff that its actions in remediating the site were governmental in nature inasmuch as they were undertaken to protect the environment. Consequently, we are not persuaded by ROC's argument that a laches defense applies here in connection with plaintiff's alleged delay in remediating the 1978 spill (*see Flacke v NL Indus.*, 228 AD2d 888, 889-890 [1996]).

We have considered ROC's remaining arguments and conclude that they are without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.