■ STATE OF NEW YORK, Plaintiff, v ROBIN OPERATING CORPORATION et al., Appellants, and ARTCO PROPERTIES CORPORATION et al., Respondents, et al., Defendants. (And Two Third-Party Actions.) [773 NYS2d 137]—

Mercure, J.P. Appeal from an order of the Supreme Court (Keegan, J.), entered June 6, 2003 in Albany County, which, inter alia, denied motions by defendants Robin Operating Corporation and Martin Zelman for partial summary judgment on their first cross claim against defendants Artco Properties Corporation and Temel Artukmac.

This Navigation Law § 181 action is the subject of several appeals before this Court, which involve either plaintiff's motion for partial summary judgment against defendants Robin Operating Corporation and Martin Zelman (hereinafter collectively referred to as ROC), as the owners of the contaminated property at issue (3 AD3d 757 [2004] [decided herewith]) or ROC's cross claims against various lessees and sublessees who operated a gas station on the property (3 AD3d 767 [2004] [decided herewith]). As relevant to this appeal, ROC moved for partial summary judgment on its first cross claim, alleging entitlement to contractual indemnification from a lessee, defendant Artco Properties Corporation, and defendant Temel Artukmac, an officer of Artco. Artco and Artukmac cross-moved to dismiss ROC's second and third cross claims, which alleged entitlement to common-law indemnification and contractual indemnification from Artukmac and Artco under an assignment of a 1973 lease. Supreme Court denied ROC's motion and partially granted the cross motions to the extent of dismissing the second cross claim as against Artukmac. ROC appeals.*

ROC asserts that Artukmac should be held personally liable for contamination at the site for which Tolga Oil Corporation—a sublessee under the 1973 lease—is or may be responsible. Specifically, ROC maintains that Tolga Oil is the alter ego of

* ROC's arguments regarding the denial of its motion for summary judgment on its first cross claim are essentially the same as those advanced in another appeal before this Court and, as further explained in our decision on that appeal, are rejected as meritless (see 3 AD3d 757 [2004] [decided herewith], supra). We note in addition that ROC has withdrawn that portion of its appeal addressing Supreme Court's denial of leave to amend its pleading to assert a fourth cross claim.

Artukmac, who was one of two principals of Tolga Oil when it purchased the lease for the gas station, and that Tolga Oil's corporate form should be disregarded. The doctrine of piercing the corporate veil is equitable in nature "and assumes that the corporation itself is liable for the obligation sought to be imposed" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Generally, a party seeking to pierce the corporate veil must show that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*id.* at 141; *see Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003]; *cf. State of New York v Markowitz*, 273 AD2d 637, 642 [2000], *lv denied* 95 NY2d 770 [2000] [detailing the circumstances in which a corporate stockholder, officer or employee may be held liable as a *discharger* under the Navigation Law]).

Here, Tolga Oil is not a party to plaintiff's or the third-party actions. Absent any further basis in the record for us to conclude that Tolga Oil can be liable for the obligation that ROC seeks to impose, a claim based on the doctrine of piercing the corporate veil simply cannot lie (*see Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 144; *cf. Chase Manhattan Bank [Natl. Assn.] v 264 Water St. Assoc.*, 174 AD2d 504, 505 [1991]). In any event, ROC's conclusory assertions that Artukmac was responsible for monitoring the inventory, sale and purchase of gasoline by Tolga Oil, that he "possessed knowledge concerning the operations of Tolga Oil . . . and the gasoline station at the premises to the exclusion of [ROC]" and that Artukmac failed to offer proof either that corporate funds were not used for personal purposes or that Tolga Oil was adequately capitalized and observed corporate formalities fall short of the showing of "complete domination of the corporation [that] is the key to piercing the corporate veil" (*Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141). Accordingly, even if Tolga Oil could be held liable for the cleanup costs related to the contaminated property, ROC has not demonstrated that piercing the corporate veil is warranted.

We have considered ROC's remaining contentions and conclude that they are meritless.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.