■ STATE OF NEW YORK, Plaintiff, v ROBIN OPERATING CORPORATION et al., Appellants, and ARTCO PROPERTIES CORPORATION

et al., Defendants and Third-Party Plaintiffs, et al., Defendants. DONALD J. KUSS, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And Another Third-Party Action.) [793 NYS2d 205]—

Mercure, J.P. Appeal from an order of the Supreme Court (Keegan, J.), entered March 24, 2004 in Albany County, which, inter alia, granted the motion of third-party defendant Donald J. Kuss for summary judgment dismissing the cross claim of defendants Robin Operating Corporation and Martin Zelman against him.

This Navigation Law § 181 action to recover funds expended during the remediation of a petroleum spill discovered in February 1994 has given rise to several prior appeals before this Court (*see* 3 AD3d 769 [2004]; 3 AD3d 767 [2004]; 3 AD3d 757 [2004]). The property at issue is owned by defendants Robin Operating Corporation and Martin Zelman (hereinafter collectively referred to as ROC) and has been leased and subleased by numerous parties, including defendant Artco Properties Corporation and third-party defendant Donald J. Kuss. During extensive pretrial motion practice, Supreme Court permitted ROC to amend its pleadings to assert a new cross claim against Kuss, alleging that he had fraudulently induced ROC to enter into a September 1993 agreement that, among other things, terminated a lease assigned to Kuss. Essentially, ROC seeks to prevent Kuss from relying on the agreement insofar as it related to a release of responsibility to remediate petroleum contamination at the site. Supreme Court ultimately granted

Kuss's motion for summary judgment dismissing this cross claim. ROC appeals* and we now affirm.

Initially, ROC argues that the 1993 agreement did not release Kuss from future liability relating to petroleum discharges of which the parties were unaware. ROC maintains that the parties had no knowledge of an existing petroleum discharge at the time they entered into the agreement and, thus, could not contemplate the release of any claims arising from the spill at issue in this action. Instead, ROC contends, the agreement was meant to release Kuss only from any contractual claims that ROC may have had against Kuss under the lease.

ROC's argument is belied by the language of the 1993 agreement, which provides, as relevant here, that in consideration of Kuss's payment of back rent, as well as fines imposed in connection with a Department of Health proceeding: "[ROC] hereby agrees to unconditionally release [Kuss] from any and all responsibility under the terms of the subject lease, *or under the provisions of any law, rule or ordinance imposing liability upon any person or entity in possession or control of the subject premises*. In addition, [ROC] shall hold [Kuss] harmless and indemnify him with respect to *any violation which may be issued or alleged by any governmental body or agency subsequent to the date of the execution of this agreement, irrespective of whether such violations are alleged to have occurred prior to the date hereof*. In the event that *any such violation* is issued, or *any claim or demand* is made against [Kuss] wherein it is sought to have [Kuss] take remedial action with respect to said premises and/or to pay any fines with respect thereto (exclusive of the [Department of Health violations] . . .), [ROC] shall immediately undertake to defend such actions at [its] sole cost and expense" (emphasis added). Inasmuch as the agreement, on its face, contemplates not only a release of contractual claims, but also a release from liability for any future violation issued by a government agency or body, regardless of whether the violation occurred prior to the execution of the agreement, it cannot be said that Supreme Court erred in concluding that the release would apply to any liability on Kuss's part in connection with the petroleum spill at issue in this action (*see Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 302 AD2d 780, 782 [2003]; *cf. Gettner v Getty Oil Co.*, 226 AD2d 502, 503-504 [1996]).

We further reject ROC's argument in the alternative that,

---

* ROC's remaining cross claims against Kuss and its cross claims involving Artco Properties and defendant Temel Artukmac, an officer of Artco, are also the subject of another appeal currently before this Court (16 AD3d 944 [2005]).

presuming Kuss did have knowledge of a prior petroleum spill at the time the parties entered into the agreement, his failure to disclose that knowledge amounted to fraud. Although ROC interposed its cross claim approximately 10 years after the agreement was signed, it argues that the claim is not barred by the statute of limitations because it asserted its claim within two years of discovering the alleged fraud while conducting a January 2003 deposition of Kuss. An action based on fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]; *see* CPLR 203 [g]). At the time the parties entered into the agreement, information regarding the preexisting contamination was available to ROC, as the owner of the property, from Department of Environmental Conservation files and, indeed, correspondence between the parties and their attorneys indicates ROC's awareness of contamination at the site in 1993. Accordingly, we agree with Supreme Court that ROC failed to show that it could not have discovered the alleged fraud with reasonable diligence in 1993 and, thus, the claim was not timely interposed (*see e.g. Animal Protective Found. of Schenectady v Bast Hatfield*, 306 AD2d 683, 684-685 [2003]). Moreover, even if the claim were timely, ROC's awareness of environmental problems at the site, the availability of the detailed files of the Department of Environmental Conservation and the absence of any fiduciary relationship imposing a duty to speak preclude any demonstration of justifiable reliance by ROC, a necessary element of its fraud claim (*see CFJ Assoc. of N.Y. v Hanson Indus.*, 274 AD2d 892, 893-894 [2000]; *see also Venezia v Coldwell Banker Sammis Realty*, 270 AD2d 480, 481-482 [2000]; *Industrial Risk Insurers v Ernst,* 224 AD2d 389, 390 [1996]).

We have considered the parties' remaining arguments and conclude that they are either meritless or rendered academic by our decision.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.