STATE OF NEW YORK, Plaintiff, v ROBIN OPERATING CORPORATION et al., Appellants, and ARTCO PROPERTIES CORPORATION et al., Respondents, et al., Defendants. (And Two Third-Party Actions.) [793 NYS2d 208]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Benza, J.), entered June 10, 2004 in Albany County, which, inter alia, granted the motion of defendants Artco Properties Corporation and Temel Artukmac dismissing certain cross claims against them.

The instant appeal in this Navigation Law § 181 action involves several cross claims asserted by defendants Robin Operating Corporation and Martin Zelman (hereinafter collectively referred to as ROC), the owners of property in Suffolk County on which a petroleum spill occurred, against various lessees of the property. Upon prior appeals by ROC, we affirmed a denial of ROC's motion for partial summary judgment on its cross claim for indemnification against defendant Artco Properties Corporation, a lessee of the property, and defendant Temel Artukmac, an officer of Artco (hereinafter collectively referred to as the Artco defendants) (3 AD3d 757 [2004]), as well as the dismissal of a cross claim premised on ROC's argument that Artukmac should be held personally liable for contamination at the site allegedly caused by a sublessee (3 AD3d 769 [2004]). Following the dismissal of ROC's fourth cross claim against another lessee—third-party defendant Donald J. Kuss—a trial was held to resolve the remaining cross claims. During the trial, Supreme Court granted Kuss's motion to dismiss ROC's remaining cross claims asserted against him. Further, at the close of proof, the court also granted the Artco defendants' motion to dismiss the cross claims against them and judgment was entered thereon. ROC appeals* and we now affirm.

ROC first argues that Supreme Court violated the law of the

---

* Although the dismissal of ROC's remaining cross claims against Kuss was not reduced to a written order or judgment, Supreme Court's oral ruling is reviewable upon appeal from the final judgment (*see Katz v Katz*, 68 AD2d 536, 541-542 [1979]). ROC's arguments regarding the dismissal of its cross claims against Kuss are essentially the same as those advanced in another appeal currently pending before this Court and, as explained therein, they are

case doctrine in dismissing its cross claims against the Artco defendants. It relies on a January 2003 Supreme Court order granting plaintiff's motion for summary judgment against ROC, as owner, and Artco Properties, as lessee of the property at the time the spill was discovered, and holding that those defendants were jointly and severally liable *to plaintiff* for past and future remediation costs incurred by plaintiff in relation to the petroleum spill. In a third prior appeal involving this action, this Court affirmed that order (3 AD3d 767 [2004]). ROC asserts that the prior Supreme Court order, as affirmed by this Court, established that the Artco defendants assumed responsibility for the remediation and that the sole purpose of the trial underlying the instant appeal was to determine the amount of the Artco defendants' liability.

Contrary to ROC's argument, however, the prior decisions of Supreme Court and this Court established neither the Artco defendants' culpability nor their liability to ROC, as opposed to plaintiff (*see id.*). In denying ROC's motion for summary judgment on its cross claim for indemnification against the Artco defendants, we concluded that a triable issue of fact existed regarding whether the petroleum spill at issue occurred during the term of the lease, the condition precedent to trigger the Artco defendants' obligation to indemnify ROC under the lease (3 AD3d 757, 759 [2004], *supra*). Thus, Supreme Court properly required ROC to prove its claims against the Artco defendants for indemnification and contribution.

We also reject ROC's arguments that Supreme Court erred in determining that it failed to demonstrate prima facie that the petroleum spill occurred during the Artco defendants' lease term. The spill at issue was discovered when the Artco defendants removed an underground storage tank that was later found to have a dime-sized hole. ROC concedes that the hole was caused over time by a corrosion problem and the record reveals that no tests were performed to determine how long the gasoline had been in the ground. Indeed, it has not been demonstrated that the tank was in use at any time during the Artco defendants' lease term prior to its removal. Under these circumstances, and affording ROC every favorable inference that may be drawn from the facts presented, Supreme Court properly granted the Artco defendants' motion for a directed verdict dismissing ROC's cross claims against them (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

We have considered the parties' remaining arguments and

rejected as meritless, along with ROC's remaining argument regarding the dismissal (16 AD3d 941 [2005]).

conclude that they are either meritless or rendered academic by our decision.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.