■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v WINTHROP E. SNOW et al., Appellants, et al., Defendants. [812 NYS2d 148]—

Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 22, 2004 in Saratoga County, which, inter alia, granted plaintiff's motion for summary judgment.

On July 25, 1994, defendants Winthrop E. Snow, Jacquelyn D. Snow and Josephine L. Sheftz (hereinafter collectively referred to as defendants) borrowed $144,700 from plaintiff to purchase a residence located in the Town of Malta, Saratoga County. Their indebtedness was secured by a purchase money mortgage. There is no dispute that they have been in default since 2003, when they ceased making the requisite monthly payments.

In response to plaintiff's foreclosure action, defendants interposed a myriad of meritless affirmative defenses and counterclaims. Their principal counterclaim, however, is fraud on the part of plaintiff in failing to disclose the existence of an underground drainpipe running from their basement to an adjacent lot. They claim that the existence of this pipe—which plaintiff allegedly knew about[*] —nullified consideration for the original loan, renders their home (which they have occupied for a decade) "worthless" and somehow clouds their legal title. Defendants now appeal from an order of Supreme Court granting summary judgment to plaintiff.

First, Supreme Court properly granted plaintiff's motion for summary judgment and ordered the appointment of a referee to compute the amount due on the mortgage. Moreover, we find no basis to disagree with the court's finding that the fraud counterclaim (presuming it is legally cognizable in the first instance) is barred by the applicable statute of limitations, which is " 'six years from the date that the alleged fraud was committed, or two years from the date the fraud was discovered' " (*Animal Protective Found. of Schenectady v Bast Hatfield*, 306 AD2d 683, 684 [2003], quoting *Cappelli v Berkshire Life Ins. Co.*, 276 AD2d 458, 458 [2000]; see CPLR 203 [g]; 213 [8]). Here, the alleged fraud was committed in 1994 and discovered, at the latest, in 2000. Thus, the counterclaim, interposed in 2003, is time-barred (*see id.*). Nor may this time-

---

[*] Defendants claim that plaintiff had a "unity-of-interest" with the original developer of these lots and thus is charged with knowledge of the pipe.

barred claim be revived by the doctrine of equitable recoupment because the complained of conduct preceded the execution of the loan documents at issue (*see 182 Franklin St. Holding Corp. v Franklin Pierrepont Assoc.*, 217 AD2d 508, 509 [1995]).

Defendants' remaining arguments have been considered and found to be without merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.