■ RITE AID OF NEW YORK, INC., Plaintiff, v R.A. REAL ESTATE, INC., Also Known as RED APPLE REAL ESTATE, INC., et al., Defendants. R.A. REAL ESTATE, INC., Also Known as RED APPLE REAL ESTATE, INC., et al., Third-Party Plaintiffs-Appellants, v DHI ASSOCIATES, INC., Third-Party Defendant-Respondent. (And Other Actions.) [837 NYS2d 48]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 19, 2006, which, to the extent appealed from, granted third-party defendant DHI's motion to dismiss the third-party complaint and denied as moot third-party plaintiffs' motion to amend that complaint, unanimously affirmed, with costs.

A cause of action predicated on defective construction accrues on the date of completion of the "actual physical work" (*Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061 [1985]), even if the claimed defect is latent (*Yeshiva Univ. v Fidelity & Deposit Co. of Md.*, 116 AD2d 49 [1986], *lv denied* 68 NY2d 603 [1986]), and in this instance the landlord's third-party action against the construction contractor was barred by the six-year breach-of-contract statute of limitations. Nor could any of the causes of action in the proposed amended complaint have been timely. While a cause of action alleging fraudulent construction may be within the greater of six years from accrual of the cause of action or two years from the time the fraud was or could with reasonable diligence have been discovered (CPLR 213 [8]; *Cappelli v Berkshire Life Ins. Co.*, 276 AD2d 458 [2000]), here the alleged fraud should have been discovered at the time of construction, which took place under the supervision of the landlord's

architect, or at the latest when plaintiff tenant discovered foundation issues in 2000 and the landlord retained engineers and architects to alleviate the problem. For the same reasons, the proposed claims of negligent construction and latent defects would also be untimely. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.