OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff commenced this small claims action, based on breach of contract, negligence and fraud, to recover $3,000 for water damage to her landscaping, patio and driveway resulting from defendant’s installation of an allegedly defective drainage system. At trial, plaintiff argued that although defendant completed the work 18 years before the action commenced, the critical defect, a capped drainpipe that should have been connected to the main drainage system, lay undetected for over 16 years and constituted a latent defect, thereby rendering the action timely. The court disagreed and dismissed the action on the ground that it was barred by the statute of limitations (see CPLR 213 [2]). Plaintiff appeals and we affirm.
Plaintiff’s claim based on breach of contract is time-barred. As a general rule, a cause of action against a contractor for construction defects “accrues upon completion of the actual physical work” (Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061 [1985]; see also Rite Aid of N.Y., Inc. v R.A. Real Estate, Inc., 40 AD3d 474 [2007]; Breslin v Reality Roofing Inc., 4 Misc 3d 134[A], 2004 NY Slip Op 50759[U] [App Term, 9th & 10th Jud Dists 2004]). There is no dispute that the physical work on plaintiffs drainage system ended 18 years before plaintiff commenced the action, and as there is no indication that any factors exist that would extend the accrual date, the statute of limitations barred plaintiffs breach of contract claim (CPLR 213 [2]).
Insofar as plaintiffs claim was based on theories of negligence and fraud, it was also time-barred. As the Court of Appeals cautioned in Cabrini Med. Ctr., assertions of negligence and fraud “contained within” a breach of contract claim “cannot serve to extend the Statute of Limitations” where such allegations “are incidental to its complaint for breach of contract” (64 NY2d at 1061-1062). “[S]ince all liability has its genesis in the contractual relationship of the parties ... [a] cause of action alleging fraud cannot be maintained when the fraud charged relates to a breach of contract” (Middle Country Cent. School Dist. v O’Healy Constr. Corp., 230 AD2d 777, 778 [1996] [cita *17 tions omitted]; see also Ruffing v Union Carbide Corp., 308 AD2d 526 [2003]). Even were we to conclude that plaintiffs fraud claim is not “incidental” to the breach of contract claim, the claim cannot lie. The time in which an action based on fraud must be commenced is “the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it” (CPLR 213 [8]; see CPLR 203 [g]; Georgiou v Panayia of Mtns. Greek Orthodox Monastery, Inc., 16 AD3d 998, 999 [2005]). By plaintiffs own admission, a “year or so” after defendant completed “the actual physical work” required by the parties’ contract, she observed that water appeared to “overwhelm the drain,” hired a third party to examine the drainage system, and adopted a remedy which ultimately proved unsatisfactory. It was only less than two years prior to trial that a second investigation revealed the overflow’s true cause. Thus, over 16 years prior to commencing her action, plaintiff was aware that the drainage system was unable to divert the quantity of water flowing into it, and she sought, albeit unsuccessfully, to remedy the problem via an independent analysis of the drainage system and additional landscaping. On this record, plaintiff failed to meet her burden to establish that she exercised due diligence to discover the fraud or that it could not have been discovered in the exercise of due diligence (see e.g. Rite Aid of N.Y., Inc., 40 AD3d 474 [2007]; State of New York v Robin Operating Corp., 16 AD3d 941, 944 [2005]; Animal Protective Found. of Schenectady v Bast Hatfield, 306 AD2d 683, 684 [2003]).
Accordingly, we affirm the judgment since substantial justice was done between the parties according to the rules and principles of substantive law (UJCA 1807; Williams v Roper, 269 AD2d 125, 126 [2000]).
Rudolph, PJ., Molía and Scheinkman, JJ., concur.