■ Reese Abright et al., Appellants-Respondents, v Harris Shapiro et al., Respondents-Appellants. [614 NYS2d 408] —Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 29, 1992, which, after a nonjury trial, *inter alia,* dismissed the first, second and third causes of action in the complaint, adjudged the use and occupancy of the subject apartments and awarded a money judgment, plus interest, costs and disbursements, against plaintiffs, unanimously modified, on the law and the facts, to the extent of vacating the direction that Drs. Epstein and Weinstock be issued rent stabilized leases and otherwise affirmed, without costs.

In this matter, which has been pending for nearly 13 years, the trial court properly rejected plaintiffs' contention that

Rent Stabilization Code (9 NYCRR) § 2520.11 (n), which became effective on May 1, 1987, long after this action was instituted, was applicable herein. Although a remedial statute should be liberally construed to effect its beneficial intentions (*Lesser v Park 65 Realty Corp.*, 140 AD2d 169, 173, *lv dismissed* 72 NY2d 1042), rent stabilization was not adopted to provide a means for those with the ability to pay to avoid having to pay a market rent for premises in which to practice their profession. Indeed, the trial court appropriately found the relevant inquiry had been fixed by this Court's prior order (92 AD2d 452).

Specifically, defendants, the landlords, and plaintiffs, the physician-tenants, entered into leases that were contrary to the applicable certificate of occupancy and Zoning Resolution. Neither side should profit from such an illegal arrangement, not defendants, who want to realize in use and occupancy awards what they would have been unable to charge lawfully in rent, nor plaintiffs, who are endeavoring to escape from having to pay a reasonable rent for the premises which most of them have been utilizing during the pendency of the present lawsuit.

Since Epstein and Weinstock continued to utilize their apartments primarily for professional purposes for a number of years after the instant action had been commenced, their belated attempt to cure the illegal nature of their tenancy by converting their use of the premises from professional to mostly residential use should not have been sanctioned by the trial court. We have considered the parties' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.