■ REESE ABRIGHT et al., Respondents, v HARRIS SHAPIRO et al., Appellants. [626 NYS2d 73] —Order of the Supreme Court, New York County (Stephen Crane, J.), entered on or about November 15, 1993, which granted plaintiffs' motion to confirm the report of the Special Referee and denied defendants' cross motion to disaffirm that report or, in the alternative, to amend their answer by leave of court, unanimously affirmed, without costs.

Defendants seek to recover counsel fees from plaintiffs in connection with a dispute over the use of residential premises for professional office space. As found by the Special Referee, the premises were rented to plaintiffs as residential units. The subject leases contain a rider calculated to hold the landlord harmless for any violation of pertinent regulatory provisions of the law. Pursuant to this provision, the tenant is to indemnify the landlord "for any damage flowing from such use". We do not agree with Supreme Court that this language is insufficient to encompass legal fees. We nevertheless affirm for a different reason.

As noted on the last occasion this matter was before us, the opponents are parties to a scheme to evade the rent stabilization laws by utilizing residential space to conduct professional practice. "Neither side should profit from such an illegal arrangement, not defendants, who want to realize in use and occupancy awards what they would have been unable to charge lawfully in rent, nor plaintiffs, who are endeavoring to escape from having to pay a reasonable rent for the premises which most of them have been utilizing during the pendency of the present lawsuit" (206 AD2d 268, 269).

There is a long-standing policy of refusing to assist in the enforcement of agreements that are injurious to the public. " 'As has been frequently said, the courts, in refusing to enforce these agreements, does [sic] so, not because it desires to relieve one of the parties to such an agreement from the obligation that he assumes, but because of the fact that the making of such an agreement is an injury to the public, and that the only method by which the law can prevent such agreements from being made is to refuse to enforce them.' (Coverly v. Terminal Warehouse Co., 85 App. Div. 489, 491.) In such a case a court will leave the parties as it found them (Hull v. Ruggles, 56 N. Y. 424; Drake v. Lauer, 93 App. Div. 86; Weld v. Postal Telegraph-Cable Co., 199 N. Y. 88; Reiner v. North American Newspaper Alliance, 259 N. Y. 250; 6 Corbin on Contracts, § 1518; Restatement, Contracts, § 512). 'It is

well-settled law that parties to a fraudulent or illegal transaction who are *in pari delicto* may not invoke judicial aid to undo the consequences of their illegal acts' *(Flegenheimer* v. *Brogan,* 259 App. Div. 347, 349)" *(Miltenberg & Samton v Mallor,* 1 AD2d 458, 461).

These criteria are clearly met by the performance of the parties under the subject leases. The landlord profited from the letting of residential apartments for professional use, in violation of the rent laws and applicable zoning regulations. As a result of this evasion of the law, the community was deprived of scarce, affordable housing units while plaintiffs profited at public expense by renting space at below-market rates. The parties to this litigation, which has consumed an inordinate amount of court time since it was instituted in January of 1982, were thus both enriched at public expense. They are *in pari delicto* and will not be permitted to enlist the aid of the courts in the enforcement of their unlawful bargain. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.