OPINION OF THE COURT
Per Curiam.
Order entered May 22, 1998 insofar as appealed from reversed, with $10 costs, landlord’s motion for summary judgment denied, and tenant’s cross motion to dismiss the petition is granted. Appeal from order entered October 3, 1997 dismissed, without costs, that order having been superseded by the order of May 22, 1998.
In 1973 landlord’s predecessor asked Peter George, long-time rent-controlled tenant of apartment 16 at 1181 Second Avenue in Manhattan, to relocate to apartment 5 in the same building, a less desirable apartment from tenant’s point of view. Incident to this move, the former owner agreed in writing as follows: “This is to confirm that in consideration for your relinquishing apartment 16 at 1181 Second Avenue, New York City 10021 New York that in return I am in accord with your occupying under your name the apartment number 5 at 1181 Second Avenue, New York City 10021 New York without time limitation and without restrictions of any kind and I confirm that I am fully empowered legally to grant you the above and confirm herewith in this same document that your rent during the time you occupy apartment 5 at 1181 Second Avenue New York City 10021 will continue at the same price of $49.20 (forty nine dollars and twenty cents each month) until such time as the building is demolished.”
The instant nonprimary residence proceeding was commenced in 1996, after tenant and his wife were absent from the apartment for several years while tenant underwent specialized cancer treatment in Europe. We find that landlord’s 1973 agreement permitting occupancy “without time limitation and without restrictions of any kind” is fully enforceable and precludes the current landlord from evicting tenant for nonprimary residence. Here, in consideration for an exchange of apartments, landlord’s predecessor granted tenant a leasehold which must be viewed as unencumbered by traditional primary residence constraints. Tenant was entitled to rely upon the language of the agreement in planning his living arrange *312 ments, as he did for a period in excess of 20 years. This matter is distinguishable from the situation where a tenant agrees to maintain an apartment as a nonprimary residence so that landlord may charge an unlawful rent (Draper v Georgia Props., 230 AD2d 455). While waivers by tenants of the benefits of rent regulation are prohibited as against public policy (New York City Rent and Eviction Regulations [9 NYCRR] § 2200.15), a landlord’s voluntary surrender of his rights and remedies as part of a negotiated agreement is not.
Freedman, J. P., and Davis, J., concur.