■ PARK TOWERS SOUTH COMPANY, L. L. C., Respondent, v UNIVERSAL ATTRACTIONS et al., Appellants. [710 NYS2d 571] —Order of the Appellate Term of the Supreme Court, First Department, entered July 29, 1999, which affirmed an order of the Civil Court, New York County (Donna Mills, J.), entered on or

about February 27, 1998, insofar as appealed from, denying respondents' motion to dismiss the instant holdover petition for failure to state a cause of action, unanimously affirmed, without costs.

The petition alleges that the tenants are a corporation and its principal, and that the latter does not occupy the subject apartment as his primary residence. The landlord made the same allegations in a holdover proceeding instituted upon expiration of the immediately previous lease, which the parties settled by entering into a new two-year rent stabilized lease increasing the rent by 70% and containing a provision that the landlord would never again seek possession of the apartment on the ground that it was not the tenants' primary residence. When the instant proceeding was brought, the tenants moved to dismiss it on the ground that the landlord had contracted away its right to claim nonprimary residence. That argument was correctly rejected by Civil Court and Appellate Term on the ground that the agreement is against public policy and unenforceable. Tenants who maintain primary residences elsewhere while retaining rent-stabilized apartments for convenience or personal gain are not victims of the housing crisis, and therefore not within the class of those the rent stabilization laws were designed to protect. Such occupancies should be discouraged (*Rima 106 v Alvarez*, 257 AD2d 201, 205-206, citing *Cier Indus. Co. v Hessen*, 136 AD2d 145, 150). Of course, nullification of the landlord's waiver of the right to bring a nonprimary residence proceeding is contingent upon the landlord's return of the rent premium that the tenant paid for the waiver, i.e., that the rent be retroactively reduced to what it would have been without the subject agreement upon its return to rent-stabilized status. Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.