*252 OPINION OF THE COURT
Per Curiam.
Order dated August 17, 1999 modified to the extent of denying tenant’s motion to dismiss the petition, reinstating the petition and granting landlord’s motion for disclosure; as modified, order affirmed, with $10 costs to the appellant. Appeal from order dated March 24, 1999 dismissed, without costs, as moot.
In 1985 tenant Stanley Weston was the rent-stabilized tenant of apartment 15N at 116 Central Park South and his daughter, Cindy Weston, was the tenant of apartment 6N. At the time, the building was undergoing a condominium conversion and the predecessor landlord brought holdover proceedings against Cindy Weston with regard to 6N. The landlord, Cindy Weston and Stanley Weston entered into a “so ordered” stipulation whereby Cindy Weston surrendered 6N, and, in return, landlord agreed to enter into a new two-year lease for apartment 3F with Stanley Weston at the lawful rent-stabilized rent and further agreed that “it shall not thereafter object to the occupancy of said apartment 3-F on the ground that it is being occupied other than as the primary residence of the tenant.” An accompanying letter agreement among the parties further provided that no action would be taken to interfere with Stanley Weston’s occupancy of 15N or his rights to purchase 15N at an insider price. Ultimately, Stanley Weston did purchase and sell 15N.
In this proceeding, petitioner, who purchased rent-stabilized apartment 3F in 1994, seeks to recover that apartment on non-primary residence grounds. Tenant asserts that the 1985 stipulation executed by petitioner’s predecessor collaterally estops the maintenance of this proceeding. Civil Court granted tenant’s motion to dismiss, determining that the nonprimary residence waiver was not against public policy and was binding upon successors in interest.
We deny tenant’s motion to dismiss and reinstate the petition. The practice of permitting tenants to stockpile rent-stabilized apartments, immune from the requirement of primary residence, should not be rewarded. “Tenants who maintain primary residences elsewhere while retaining rent-stabilized apartments for convenience or personal gain are not victims of the housing crisis, and therefore not within the class of those the rent stabilization laws were designed to protect. Such occupancies should be discouraged” (Park Towers S. Co. v *253 Universal Attractions, 274 AD2d 312, 313; but see, Elghanayan v George, 180 Misc 2d 310). Accordingly, we decline to give effect to the nonprimary residence waiver.
Moreover, we significantly note that the stipulation was not, by its terms, made binding upon the respective parties’ successors or assigns (cf., Stasyszyn v Sutton E. Assocs., 161 AD2d 269, 271). While Civil Court correctly recognized that a purchaser takes premises subject to existing tenancies, “[t]he key to the liability of the successor-in-interest is notice of the relevant lease provision or waiver thereof’ (Tehan v Peters Print. Co., 71 AD2d 101, 104). Here, there is nothing in the standard form apartment lease and rent stabilization rider for apartment 3F which gives notice of any waiver of the right to maintain a nonprimary residence proceeding; indeed, a rent-stabilized lease, if anything, manifestly suggests the contrary. The petitioner cannot reasonably be said to have had actual or constructive notice of a private waiver wholly inconsistent with the rent stabilization scheme.
In reinstating the petition, we grant landlord’s motion for disclosure as no reason has been presented to deviate from the customary practice favoring disclosure in nonprimary residence proceedings (Cox v J.D. Realty Assocs., 217 AD2d 179).
Parness, P. J., Davis and Gangel-Jacob, JJ., concur.