■ ANNA GEORGIOU et al., Appellants, v PANAYIA OF THE MOUNTAINS GREEK ORTHODOX MONASTERY, INC., et al., Respondents. [792 NYS2d 667]—

Crew III, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered March 4, 2004 in Sullivan County, which granted defendants' motions to dismiss the complaint.

In July 1994, plaintiffs began negotiating with defendant Oleg Shvetsov to donate approximately 17 acres of land, together with the church and other buildings contained thereon, to defendant Panayia of the Mountains Greek Orthodox Monastery, Inc. (hereinafter Monastery). To that end, plaintiffs asked defendant Eric J. Groper, a licensed attorney, to prepare the deed and other documents necessary to effectuate the conveyance. According to plaintiffs, the deed was to reflect their intent to donate the property subject to a reversionary interest. Specifically, plaintiffs wished to condition the conveyance upon the continued use of the property to conduct church services in the Greek Orthodox faith. Should the property cease being utilized for that purpose, the property was to revert back to plaintiffs. In August 1996, however, a deed bearing plaintiffs' respective signatures conveyed the property in question to the Monastery in fee simple, and Groper prepared a real property transfer gains tax affidavit, bearing plaintiff Anna Georgiou's signature and quoting the sale price of the property as $240,000, and directed that plaintiffs pay him $960 to cover the transfer tax on the conveyance.

Although plaintiffs received a copy of the deed in December 1996, they apparently did not review the deed until August 2002, at which time they retained new counsel in response to concerns that the property was not being used as they intended. Upon reviewing the underlying deed, counsel observed that the requested reversionary clause was not present. Plaintiffs thereafter commenced this action against defendants alleging fraud and legal malpractice. Specifically, plaintiffs alleged that Groper forged their signatures on the deed and, as part of a conspiracy with Shvetsov, intentionally omitted the reversionary clause from the deed. Defendants then moved to dismiss the complaint as time-barred and Supreme Court granted their respective motions. This appeal by plaintiffs ensued.

We affirm. Initially, we note that an action for legal malpractice must be commenced within three years of the date that the malpractice was committed (*see* CPLR 214 [6]; *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]). The record reveals that the latest date that plaintiffs allege Groper represented them was December 1996. Inasmuch as this action was not commenced until September 19, 2003, it clearly is untimely.

Assuming, without deciding, that plaintiffs have sufficiently stated a separate cause of action for fraud with regard to defendants' conduct, it is equally clear that such cause of action also is untimely. The gravamen of plaintiffs' fraud claim stems from Groper's alleged forgery of plaintiffs' signatures on the deed *of conveyance* and his failure to include the requested reversionary clause in such deed. The statute of limitations for a fraud cause of action is six years from the date the alleged fraud was committed or two years from the date that plaintiffs discovered or, with the exercise of reasonable diligence, should have discovered the fraud, whichever is longer (*see* CPLR 203 [g]; 213 [8]; *Animal Protective Found. of Schenectady v Bast Hatfield, Inc.*, 306 AD2d 683, 684 [2003]).

Here, plaintiffs were in possession of the allegedly forged deed as of December 1996, and plaintiffs allege that they have been denied access to the property in question since the conveyance in August 1996. Thus, even accepting that English is not plaintiffs' first language, which assertion, standing alone, is insufficient to avoid the general rule that "a signer of an agreement is deemed to be conclusively bound by its terms whether or not he or she read it" (*Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761 [1998]), they have offered no explanation or justification as to why they waited almost seven years to commence an action predicated, in part, upon what they assert to be their forged signatures. Surely the loss of and subsequent

denial of access to property via an instrument that they assert bears forged signatures was sufficient to place plaintiffs on notice that something was amiss with the underlying transaction and further investigation was warranted. We thus are persuaded that the underlying fraud, if any, occurred in December 1996 and, hence plaintiffs' claims against defendants—asserted for the first time in September 2003—are plainly time-barred. Plaintiffs' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.