█ RIVERSIDE SYNDICATE, INC., Appellant, v VICTORIA MUNROE et al., Respondents. [833 NYS2d 452]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 17, 2006, which denied plaintiff landlord's motion for summary judgment on its declaratory judgment complaint, and granted defendant tenants' cross motion for summary judgment in their favor, unanimously reversed, on the law, without costs, the motion granted to the extent of declaring that the stipulation of settlement executed by the parties as of March 29, 1996 in the summary proceeding entitled *Riverside Syndicate, Inc. v Victoria Munroe et al.* (Civ Ct, NY County, L&T Index No. 93325/95), and "so ordered" by the court in that proceeding on May 3, 1996 (the consent judgment), is null, void, and of no force or effect, on the ground that it violates Rent Stabilization Code (9 NYCRR) § 2520.13 and is contrary to public policy, and the cross motion denied.

Under the consent judgment, the tenants agreed to pay rent in excess of the legal regulated rent on one of the three rent stabilized (and now connected) apartments they occupy in landlord's building, and to waive their right to challenge the unlawful rent. In exchange, the landlord agreed to waive its right to seek to recover possession of any of the three apartments on the ground that the tenants (who evidently work, have a residence, and are registered to vote in Massachusetts) do not use their apartments as primary residences. The consent judgment also provided that, in the event any of the apartments became deregulated, the rent would not be increased by more than 8% every two years, and the tenants would be offered a renewal lease every two years.

Because the consent judgment violates public policy by waiving benefits of the Rent Stabilization Law (notwithstanding that it does so to the tenants' benefit in this instance), it is unenforceable (*see Drucker v Mauro*, 30 AD3d 37 [2006], *appeal dismissed* 7 NY3d 844 [2006]). Since the consent judgment's main objective was illegal, it is void in its entirety (*see Rose v Elias*, 177 AD2d 415, 416 [1991]). Further, given that the landlord and the tenants are in pari delicto, and the tenants (who seek to keep the consent judgment in force) have already reaped substantial benefits from it (including more than a decade of enjoyment of their renovations to the apartments), we leave the parties as we find them, and do not place any conditions on our invalidation of the consent judgment (*see Abright v Shapiro*, 214 AD2d 496 [1995]). Finally, because the consent judgment is void as a matter of public policy (not due to fraud, mistake or unconscionability), the statute of limitations (which was not raised on the motion or cross motion) does not bar the instant action on the ground that it was commenced more than six years after the consent judgment was entered (*see e.g. 390 W. End Assoc. v Harel*, 298 AD2d 11, 13 [2002]; *Rima 106 v Alvarez*, 257 AD2d 201, 203 [1999]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.