[882 NE2d 875, 853 NYS2d 263]

Riverside Syndicate, Inc., Respondent, v Victoria Munroe et al., Appellants.

Argued January 9, 2008; decided February 7, 2008

**POINTS OF COUNSEL**

*Emery Celli Brinckerhoff & Abady LLP,* New York City (*Eric Hecker* and *Richard D. Emery* of counsel), and *Vernon & Ginsburg, LLP* (*Darryl M. Vernon* of counsel), for appellants. I. The enforcement of judicially-approved stipulations of settlement furthers the critical public policy of facilitating the efficient and fair resolution of contested litigation. (*Mitchell v New York*

*Hosp.*, 61 NY2d 208; *Salesian Socy. v Village of Ellenville*, 41 NY2d 521; *Hallock v State of New York*, 64 NY2d 224; *Matter of Siegel*, 29 AD3d 914; *City of New York v 130/40 Essex St. Dev. Corp.*, 302 AD2d 292; *Merwest Realty Corp. v Prager*, 264 AD2d 313; *Mill Rock Plaza Assoc. v Lively*, 224 AD2d 301; *Thornton v Baron*, 5 NY3d 175; *Draper v Georgia Props.*, 94 NY2d 809; *Matter of Matinzi v Joy*, 60 NY2d 835.) II. Enforcing the court-ordered settlement would not offend any countervailing public policy. (*Matter of Rockaway One Co., LLC v Wiggins*, 35 AD3d 36; *Misthopoulos v Estate of Ruhl*, 183 AD2d 651; *Rent Stabilization Assn. of N.Y. v Higgins*, 164 AD2d 283; *Kent v Bedford Apts. Co.*, 237 AD2d 140; *Drucker v Mauro*, 30 AD3d 37; *390 W. End Assoc. v Harel*, 298 AD2d 11; *Matter of Matinzi v Joy*, 60 NY2d 835; *Merwest Realty Corp. v Prager*, 264 AD2d 313; *Elghanayan v George*, 180 Misc 2d 310; *Noto v Bedford Apts. Co.*, 21 AD3d 762.) III. The landlord's claim for declaratory relief is time-barred. (*Matter of Karedes v Colella*, 100 NY2d 45; *Solnick v Whalen*, 49 NY2d 224; *Matter of Folks v New York City Hous. Auth.*, 27 AD3d 270; *390 W. End Assoc. v Harel*, 298 AD2d 11; *Rima 106 v Alvarez*, 257 AD2d 201.) IV. The landlord's claim for declaratory relief is barred by the equities. (*390 W. End Assoc. v Baron*, 274 AD2d 330; *Park Towers S. Co. v Universal Attractions*, 274 AD2d 312; *Draper v Georgia Props.*, 230 AD2d 455, 94 NY2d 809; *Georgia Props., Inc. v Dalsimer*, 39 AD3d 332; *Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124.)

*Rosenberg & Estis, P.C.*, New York City (*Jeffrey Turkel* and *Gary M. Rosenberg* of counsel), for respondent. I. The consent judgment is void as against public policy and unenforceable. (*City of New York v 17 Vista Assoc.*, 84 NY2d 299; *Szerdahelyi v Harris*, 67 NY2d 42; *Mitchell v New York Hosp.*, 61 NY2d 208; *Sternaman v Metropolitan Life Ins. Co.*, 170 NY 13; *Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392; *Attridge v Pembroke*, 235 App Div 101; *Abright v Shapiro*, 214 AD2d 496; *McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465; *Hettich v Hettich*, 301 NY 447; *Tooker v Inter-County Tit. Guar. & Mtge. Co.*, 295 NY 386.) II. Principles of equity and estoppel cannot compel a court to enforce an agreement that is otherwise void as against public policy. (*Szerdahelyi v Harris*, 67 NY2d 42; *Spiegel v 1065 Park Ave. Corp.*, 305 AD2d 204; *Millington v Rapoport*, 98 AD2d 765; *Sturm v Truby*, 245 App Div 357; *Levin v Levin*, 253 App Div 758; *Flegenheimer v Brogan*, 259 App Div 347, 284 NY 268; *Coverly v Terminal Warehouse Co.*, 85 App Div 488, 178 NY 602; *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d

630; *390 W. End Assoc. v Baron,* 274 AD2d 330; *Park Towers S. Co. v Universal Attractions,* 274 AD2d 312.) III. The statute of limitations cannot compel a court to enforce an agreement that is void as against public policy. (*Pacchiana v Pacchiana,* 94 AD2d 721; *Larrison v Scarola Reavis & Parent LLP,* 11 Misc 3d 572; *Attridge v Pembroke,* 235 App Div 101; *Spiegel v 1065 Park Ave. Corp.,* 305 AD2d 204; *Oot v Home Ins. Co. of Ind.,* 244 AD2d 62.)

**OPINION OF THE COURT**

Smith, J.

We hold that an agreement by tenants to pay an illegal rent for a rent-stabilized apartment, in exchange for an agreement by the landlord to let the tenants use the apartment as a second home, is void and cannot be enforced by either party.

## Facts and Procedural History

The tenants, Victoria Munroe and Eric Saltzman, rented three apartments (apparently combined into one) on Riverside Drive in Manhattan. All three apartments were subject to the rent stabilization laws. Originally, the tenants subleased one of the three from another tenant, and the landlord sued to evict them, claiming that the sublease was illegal. This eviction proceeding was settled by the agreement now at issue, a so-ordered stipulation between the landlord and the tenants entered into in 1996.

The parties agreed that the tenants "shall be recognized as the lawful, rent stabilized legal tenants of the subject premises at a monthly rental rate of $2,000.00." This was far in excess of the maximum rent allowed by the rent stabilization laws: The landlord's brief in this Court says that the maximum legal rent would have been $1,325, and the tenants' brief suggests a lower figure. The agreement said that the tenants "waive all right to challenge the legality of the rent" and that "[r]egardless of [their] primary residence" the tenants "may remain as the rent stabilized tenants." The agreement also said that, if the apartments were deregulated, the landlord would offer a renewal lease to the tenants every two years, at a rent increase of no more than 8%. In 2000, the apartments were deregulated, without objection from the tenants.

Apparently, the parties continued to comply with the 1996 agreement until 2003. In that year, the landlord began eviction proceedings based on the claim that the tenants were not using the apartments as their primary residence. There was a brief

truce, and the proceedings were dismissed without prejudice, but in 2004 the landlord began the present action. It seeks a declaratory judgment that the 1996 agreement violates public policy and is void.

Supreme Court granted summary judgment to the tenants, but the Appellate Division reversed and granted summary judgment to the landlord, declaring the agreement "null, void, and of no force or effect" (39 AD3d 256, 256 [1st Dept 2007]). The Appellate Division granted the tenants leave to appeal, and we now affirm the Appellate Division's order.

Discussion

Rent Stabilization Code (RSC) (9 NYCRR) § 2520.13 says:

"An agreement by the tenant to waive the benefit of any provision of the RSL [Rent Stabilization Law] or this Code is void; provided, however, that based upon a negotiated settlement between the parties and with the approval of the DHCR [Division of Housing and Community Renewal], or a court of competent jurisdiction, or where a tenant is represented by counsel, a tenant may withdraw, with prejudice, any complaint pending before the DHCR."

The application of this regulation to this case seems uncomplicated. The agreement is, on its face, one to "waive the benefit" of rent stabilization, and is therefore void. It is not an agreement to withdraw a "complaint pending before the DHCR," and therefore the exception in the regulation does not apply.

In exchange for an illegal rent, the landlord agreed, among other things, not to enforce its right under RSC § 2524.4 (c) to "recover possession" of a "housing accommodation . . . not occupied by the tenant . . . as his or her primary residence." As the Appellate Division has repeatedly held, an agreement of this kind is not enforceable by the tenant (*Park Towers S. Co. v Universal Attractions*, 274 AD2d 312 [1st Dept 2000]; *Rima 106 v Alvarez*, 257 AD2d 201 [1st Dept 1999]). Such an agreement allows a tenant who already has one home, and who is able to pay more than the legal rent for a second one, to use the law as a means of getting that second home in perpetuity at a bargain price. As Justice Wallach said in *Rima*, to countenance such an arrangement "would violate the fundamental policies and purposes of the statutory rent regulation scheme" (257 AD2d at 204).

Seeking to defend the agreement, the tenants make essentially three arguments: that, on the facts of this case, enforcement of the agreement would violate no public policy; that the "negotiated settlement" exception to RSC § 2520.13 should apply here; and that the landlord's claim is barred by the statute of limitations. All three arguments lack merit.

The basis for the tenants' public policy argument is their assertion that, if the 1996 eviction proceeding had not been settled by the agreement in suit, only two outcomes were possible: either the tenants would have remained in the apartments at the legal rent, or they would have been evicted and the apartments would have been deregulated. Neither result, the tenants say, would serve the policy of the rent stabilization laws any better than the compromise result the parties reached. The assertion on which this argument rests is dubious, but even assuming the assertion is true, the conclusion is wrong. It is the policy of the rent stabilization laws that apartments should either be rented at no more than the legal maximum or deregulated. Deregulation, when the conditions for it are met, serves public policy by increasing the availability of housing on the open market. Agreements like the one at issue here distort the market without benefitting the people the rent stabilization laws were designed to protect.

The tenants also argue that settlements, especially court-approved settlements, should be encouraged, and therefore the exception in RSC § 2520.13 should be read broadly. Though the exception applies only to the withdrawal of a "complaint pending before the DHCR," the tenants say that the absence of any such complaint in this case is a meaningless formality; the tenants could easily have filed such a complaint, and withdrawn it as part of the settlement. Thus, the tenants argue in substance, this case is within the spirit though not the letter of the exception.

We disagree. We find the agreement to be within neither the letter nor the spirit of the law, because it was not a bona fide settlement of the parties' dispute. The argument for upholding the agreement would be stronger if, in 1996, the parties had had a dispute about the amount of the legal maximum rent, and had compromised at a figure above the tenants' and below the landlord's. But the "compromise" in this case put the rent roughly 50% higher than the highest rent the landlord could have demanded. The obvious purpose of the settlement was not to resolve a dispute about what the law permitted, but to achieve something the law undisputedly did not and does not permit.

■ Finally, the tenants argue that, since the agreement was made in 1996, this action, brought in 2004, is barred by the six year statute of limitations provided by CPLR 213 (2) for "an action upon a contractual obligation or liability." This argument misconceives the nature of a statute of limitations; it does not make an agreement that was void at its inception valid by the mere passage of time (*Pacchiana v Pacchiana*, 94 AD2d 721 [2d Dept 1983]). This action is not one "upon a contractual obligation or liability," but one to declare that no valid contractual obligations ever existed.

We thus conclude that the Appellate Division correctly granted the landlord's request for a declaratory judgment that the agreement in suit is void. One part of the Appellate Division's opinion, however, may cause confusion; that court said that it would "leave the parties as we find them, and . . . not place any conditions on our invalidation of the consent judgment," observing that "the landlord and the tenants are in pari delicto" and that the tenants "have already reaped substantial benefits" from the agreement (39 AD3d at 257). We agree that no "conditions" on the judgment declaring the agreement void are necessary, but that does not mean that only the landlord may benefit from the judgment. The agreement is void as to both parties, and neither party is entitled to rely on it. The tenants may well have a strong claim, subject to any statute of limitations defense that may exist, to recover the excess rent they paid; they may also have a strong claim to rescind the deregulation of the apartments, if that deregulation was the result of the illegal agreement. We do not prejudge these claims except to say that, having successfully argued that the agreement was void at inception, the landlord may not invoke the agreement in its own defense.

Accordingly, the order of the Appellate Division should be affirmed with costs. The certified question is unnecessary, and need not be answered.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, etc.